# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40974
Conference Calendar

ELPIDIO DELGADO, JR

                                        Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; R GARZA, Correctional Officer; R CHILDRESS, Warden; UP GARNICA, Lieutenant; ADMINISTRATOR REMEDY COORDINATOR HARRELL WATTS, National Administrator; RONALD G THOMPSON, Regional Director

                                        Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-449

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Elpidio Delgado, Jr., federal prisoner # 83283-079, appeals the district court's grant of summary judgment to the defendants and dismissal of his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Delgado argues that the disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding, which resulted in a loss of 27 days of good time credits, is invalid because he is not required to take a breathalyzer test.

Delgado's argument is conclusional, and he does not show that his disciplinary conviction has been invalidated "on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Therefore, Delgado's disciplinary conviction is still outstanding, and his claims for monetary damages are barred by Heck. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

Delgado's appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed as frivolous. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Delgado is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.